IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-69,082-04, -05 & -06




EX PARTE ANTHONY CHARLES FOSTER, Applicant




ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. 18,072-A, 17,816-A & 17,862-A IN THE 47TH DISTRICT COURT
FROM RANDALL COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts
of aggravated robbery and sentenced to thirty-five years’ imprisonment on each count. 
            Applicant contends that his counsel rendered ineffective assistance because he failed to
advise Applicant of his right to appeal and to file timely notices of appeal. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts may
be needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. If the trial court concludes that the factual basis
of Applicant’s claim in the -05 and -06 applications was not previously available, see Tex. Code
Crim. Proc. art. 11.07, § 4(a)(1), it shall order trial counsel to respond to Applicant’s claim in these
causes. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first make findings of fact and conclusions of law as to whether the
factual basis of Applicant’s claim in the -05 and -06 applications was previously available. If the trial
court determines that the factual basis was not available, it shall determine, after obtaining a response
from counsel, whether Applicant was denied his right to meaningful appeals in these causes. The
trial court shall also determine whether Applicant was denied his right to a meaningful appeal in
cause number 18,072-A. The trial court shall make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus
relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 15, 2010
Do not publish